

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 8, 1939

Mr. Leland M. Johnson, Chairman
Subcommittee on State Affairs
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-879
Re: Constitutionality of House
Bill No. 960, relating to
use of Texas Old Age Assist-
ance Fund for payment of
burial expenses.

We acknowledge receipt of your letter of April 4, 1939, in which you request our opinion as to the constitutionality of House Bill No. 960, which provides for payments to certain persons to be taken from the Old Age Assistance Fund. This bill reads as follows:

"A BILL

TO BE ENTITLED

AN ACT providing for an Old Age Burial Fund; providing for the manner and amount of payment, and declaring an emergency.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Whenever any person who has been placed upon the rolls of the Texas Old Age Assistance Commission, and is regularly drawing payments thereunder, under the provisions of the law relating thereto, shall die, and proof thereof shall be made to the Comptroller within forty (40) days from date of such death by the affidavit of the Doctor who attended the deceased during the last illness, or the undertaker who conducted the funeral, or made arrangements therefor, the Comptroller shall issue Treasury Warrants for an amount equal to five times the last warrant issued to said deceased, but in no event to exceed the sum of Seventy-five ($75) Dollars. Said Mortuary Warrant shall be payable out of the Texas Old Age

"Assistance Fund, in favor of the heirs or legal represen-
tatives of the deceased, or in favor of the person or per-
sons owning the burial account (proof of the existence and
justice of such account to be made to said Comptroller under
oath in such form as he may require); said warrant to be
used for the purpose of paying the burial expenses of the
deceased.

SECTION 2. The fact that a great number of the persons
receiving benefit under the Texas Old Age Assistance Law
are now rapidly passing away, and a large portion of them
do not have estates with which to pay burial expenses,
creates an emergency and an imperative public necessity
that the Constitutional Rule requiring bills to be read
on three several days in each House be suspended, and the
same is hereby suspended, and this Act shall take effect
and be in force from and after its passage, and it is so
enacted."

After careful consideration of House Bill No. 960 and of
the relevant constitutional provisions, it is our opinion and
you are advised that said bill is unconstitutional.

Article 3, section 51, of the Constitution of the State
of Texas reads in part as follows:

"The Legislature shall have no power to make any grant
or authorize the making of any grant of public moneys to
any individual, association of individuals, municipal or
other corporations whatsoever........"

Article 3, section 44, of the Constitution of the State
of Texas provides that the Legislature shall not".......grant,
by appropriation or otherwise, any amount of money out of the
Treasury of the State, to any individual, on a claim, real or
pretended, when the same shall not have been provided for by
pre-existing law........"

Certain exceptions to the prohibitions against grants or
donations of public moneys are to be found in the State Constitu-
tion, but none of these exceptions are relevant to this opinion
except Article 3, section 51b, adopted August 24, 1935, which
reads as follows:

"The Legislature shall have the power by general laws
to provide, under such limitations and restrictions and

Mr. Leland E. Johnson, April 8, 1939, Page 3

"regulations as may be deemed by the Legislature expedient, for old-age assistance and for the payment of same not to exceed Fifteen Dollars ($15) per month each to actual bona fide citizens of Texas who are over the age of sixty-five (65) years; provided that no habitual criminal, and no habitual drunkard while such habitual drunkard, and no inmate of any State-supported institution, while such inmate, shall be eligible for such old-age assistance; provided further that the requirements for length of time of actual residence in Texas shall never be less than five (5) years during the nine (9) years immediately preceding the application for old-age assistance and continuously for one (1) year immediately preceding such application.

"The Legislature shall have the authority to accept from the Government of the United States such financial aid for old-age assistance as that Government may offer not inconsistent with the restrictions hereinbefore provided."

It will be noted that Article 3, section 51b, provides only for "old-age assistance" and for the payment of the same to "actual bona fide citizens of Texas who are over the age of sixty-five (65) years" and who meet the other requirements set forth therein. It is contemplated by this constitutional provision that such payments as are therein authorized shall be made to living citizens of Texas to assist them in their old age. We believe that the accomplishment of an essentially different purpose is contemplated by House Bill No. 960, in that said bill provides, not for payments to aged citizens, but to their heirs or legal representatives or the persons who bury them, after their death. The payments provided for by House Bill No. 960 do not, therefore, come within the provisions of Article 3, section 51b, and such payments are prohibited by the Constitutional provisions, hereinbefore quoted, against the donations or grants of public moneys.

We are also of the opinion that House Bill No. 960 is unconstitutional under Article 3, Section 35, of the Constitution of the State of Texas, which reads as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an

"act, which shall not be expressed in the title, such
act shall be void only as to so much thereof, as shall
not be so expressed."

The title of House Bill No. 960 does not express the sub-
ject of the bill. The title states that the act provides for an Old
Age Burial Fund, whereas no such fund is provided for in the body of
the bill. There is no notice given in the title to the bill that
the bill provides for a diversion of part of the Texas Old Age As-
sistance Fund for the payment of the burial expenses of persons who
had been on the Old Age Assistance rolls. Since this provision em-
bodies the main purpose of the bill, and no reasonable notice there-
of is given in the title, the bill is clearly in violation of Article
3, Section 35, of the Constitution.

De Silvia v. State, 88 Tex. Cr. 634, 229 S.W. 542.

Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799.

House Bill No. 960 is also in violation of Article VIII,
Section 7, of the State Constitution, which reads as follows:

"The Legislature shall not have power to borrow, or in any
manner divert from its purpose, any special fund that may,
or ought to, come into the Treasury; and shall make it
penal for any person or persons to borrow, withhold or
in any manner to divert from its purpose any special fund,
or any part thereof."

Chapter 37, Acts 45th Legislature, Regular Session, 1937,
page 60 (Vernon's Annotated Civil Statutes, Article 6243-13 (b) )
provides as follows:

"(b) For the purpose of paying the aid and assistance to
needy citizens of Texas herein provided for, and for the
purpose of defraying the expenses of administering this
Act, there is hereby created and established a special
fund in the Treasury of the State of Texas, to be kept
by the State Treasury separate and apart from all other
funds, and to be known as the 'Texas Old Age Assistance
Fund', and for the purposes above set out there is here-
by appropriated out of such funds all amounts received
and credited to said fund, or so much thereof as may be
necessary, for the fiscal year ending August 31, 1937.
Provided that if the fund is insufficient to pay all
grants in full, the same shall be paid pro rata based
on the amount granted to each recipient."

Since the Texas Old Age Assistance Fund is created and established by statute as a special fund to provide financial aid to aged citizens, its diversion to the different purpose of the payment of burial costs would be a violation of Article VIII, Section 7, quoted above.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed)    James P. Hart
Assistant

JH:FL

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS